No. 53,566

Rose Construction Company, Inc. *Appellant,* v. Sam Gravatt, *Appellee,* and Farmers Insurance Company, Inc., *Garnishee-Appellee.*

(642 P.2d 569)

Opinion filed April 3, 1982.

*Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause and was on the brief for appellant.

*L. Franklin Taylor,* of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for garnishee-appellee.

The opinion of the court was delivered by

McFarland, J.: This is an appeal by plaintiff, Rose Construction Company, Inc., from an order dismissing its garnishment proceeding against the garnishee, Farmers Insurance Company, Inc. The issue is whether or not a certain automobile insurance policy provides coverage for plaintiff's property damage.

The facts, simply stated, are as follows. The plaintiff owns a commercial building which it rents to Art Smelser, d/b/a Autumn Heating and Air Conditioning. Defendant Sam Gravatt is an employee of Smelser, and, while operating his employer's motor vehicle in the course of his employment, backed into and did damage to said building. The motor vehicle was insured by Farmers Insurance Company, Inc. Plaintiff brought this action against Sam Gravatt and Art Smelser and subsequently obtained judgments in the amount of $1,015.82 against each defendant. Plaintiff then garnished Farmers Insurance Company, Inc., to collect the Gravatt judgment. Farmers denied coverage under a policy exclusion and the trial court agreed therewith. Plaintiff appeals from the order dismissing its garnishment.

The issue raised is one of first impression in Kansas. In deter-

mining whether coverage was afforded, it is appropriate to work our way through applicable policy provisions.

The policy was purchased by Smelser to insure the motor vehicle in question. The policy provides:

"Named insured means the insured named in Item 1 of the Declarations and, if an individual, includes his spouse if a resident of the same household;

"Insured. The unqualified word 'insured' includes (a) with respect to the described automobile,

"(1) the named insured or a relative, and

"(2) any other person while using such automobile and any other person or organization legally responsible for its use, provided the actual use of such automobile is by the named insured or with his permission; and . . . ."

Clearly Gravatt is an "insured" under such definition, although not the named insured.

The policy contains an exclusionary clause providing that liability coverage does not apply:

"[T]o damage to (a) property owned or transported by the insured, (b) property rented to or in charge of the insured other than a residence or a private garage, or (c) property as to which the insured is for any purpose exercising physical control."

The damaged property was rented to Smelser who was in charge and control thereof. The exclusion would clearly apply to Smelser had the garnishment been sought to satisfy the Smelser judgment. However, this is not the question before us.

Gravatt neither rented, was in charge of, nor controlled the damaged building. Does the exclusion bar Gravatt under such circumstances by virtue of the employer-employee relationship between the named insured and Gravatt?

Pertinent to this question is the following policy provision:

"The insurance afforded under Part I applies separately to each insured against whom claim is made or suit is brought, but neither the inclusion herein of more than one insured nor the application of the policy to more than one automobile shall increase the limits of the Company's liability."

This type of provision is commonly referred to as a "severability of interests" clause.

There is no unanimity among other jurisdictions construing such clauses. Many of these cases have arisen under such distinguishable factual situations as to have little relevance to the matter before us. A good discussion of background of "severability of interests" clauses is found in *Pennsylvania Nat. Mut. v.*

*Bierman,* 266 Md. 420, 292 A.2d 674 (1972). The factual situation involved in *Bierman* is a good example of how complex such litigation may become—one injured insured suing another insured, with both being employees of the named insured.

Fortunately, the matter before us is considerably simpler to resolve. The exclusion before us excludes damages to property "rented to or in charge of *the insured."* Use of the term "the insured" is significant. It obviously is not the same as "named insured" or "any insured." Even in the absence of a severability of interests clause, a strong argument could be made that the exclusions do not apply to Gravatt inasmuch as he is the insured for exclusionary purposes, and he neither rents, has charge of, nor controls the damaged property. The severability of interests clause can only buttress the argument that coverage as to each insured must be determined separately based on the facts applicable to each such insured.

We conclude that the severability of interests clause requires a finding that the exclusions are to be applied only against the insured for whom coverage is sought. Under the undisputed facts herein, defendant Gravatt was clearly not excluded from coverage, and the trial court erred in holding otherwise.

By virtue of this result, other issues raised need not be determined.

The judgment is reversed and the case is remanded with directions to enter judgment in favor of plaintiff on the garnishment herein.